UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAHIR NEDEEM, | Case No. C26-1068-RSM |
| Petitioner, | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| MARKWAYNE MULLIN, Secretary of U.S. Department of Homeland Security, *et al.*, | |
| Respondents. | |

This matter comes before the Court on Petitioner Tahir Nedeem's one-page "Motion for Emergency Motion for Immediate Release or, in the Alternative, Expedited Bond Hearing" ("TRO"), Dkt #3. This case and the instant Motion were filed on March 30, 2026. The following day, the Court issued its standard Scheduling Order for cases such as this, which requires a response by April 14, 2026, and directs Respondents to notify the Court and all parties before Petitioner is transferred out of the district or removed from the United States. Dkt. #2.

Petitioner's TRO repeats the underlying facts of the case without citation to the Petition, exhibits or declarations. Dkt. #3 at 2. It states that Petitioner has been detained for approximately 494 days without receiving an individualized bond hearing. *Id*. According to

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

the Motion, Petitioner has no criminal history, has consistently complied with all immigration proceedings, and "has strong community ties, including a United States citizen sponsor who is prepared to support him upon release." *Id.* at 3.

According to the Petition, he was apprehended at the southern border of the United States in November of 2018 and held in custody. Dkt. #1 at 2. He applied for asylum and withholding of removal at some point—the Petition does not say when. *See id.* On June 30, 2025, an Immigration Judge denied Petitioner's applications. *Id.* Petitioner appealed to the Board of Immigration Appeals ("BIA"), which dismissed the matter on February 24, 2026. *Id.* On March 9, 2026, Petitioner filed a Petition for Review ("PFR") and a Motion for Stay of Removal with the United States Court of Appeals for the Ninth Circuit. *Id.*

The TRO Motion contains no further facts.

Typically, a party requesting a TRO must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). However, the moving party must still make at least some showing that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id.* at 1135.

The Court has reviewed the briefing and the remainder of the record and finds that this TRO is properly denied. Petitioner fails to cite to evidence demonstrating a likelihood of

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 2

success on the merits. He fails to describe a substantial change in his circumstances warranting the filing of the instant Motion now, after months in detention and on the eve of the resolution of his case. The Court is not convinced that irreparable harm will occur in the absence of preliminary relief and will not bypass the reasonable procedures of its Scheduling Order for dealing with the Petition.

Accordingly, having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Temporary Restraining Order, Dkt #3, is DENIED.

DATED this 31st day of March, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 3