UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAHIR NEDEEM,

    Petitioner,

    v.

Markwayne MULLIN, Secretary of U.S. Department of Homeland Security, *et al.*,

    Respondents.

Case No. C26-1068-RSM

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

This matter comes before the Court on Petitioner Tahir Nedeem's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  Dkt. #1.

The following facts are taken from the Petition and a declaration of an ICE officer.  *See* Dkts. #1 and #7.  Petitioner, a native and citizen of Pakistan, entered the United States on November 18, 2024, near San Ysidro, California, without prior inspection or admission.  He was immediately apprehended by U.S. Border Patrol and has remained in custody since.

Following a denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture by an Immigration Judge on June 30, 2025, Petitioner appealed to the Board of Immigration Appeals ("BIA").  That appeal was denied on February 24, 2026.  Petitioner appealed to the Ninth Circuit on March 9, 2026, where a motion to stay removal remains pending.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 1

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, Petitioner contends that his continued detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). Petitioner requests immediate release or a bond hearing.

Respondents argue that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1)(B). Neither the Supreme Court nor the Ninth Circuit has settled on a test for assessing the constitutionality of prolonged mandatory detention for noncitizens detained pursuant to 8 U.S.C. § 1225. *See Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019). However, "nearly all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Maliwat v. Scott*, No. C25-788, 2025 U.S. Dist. LEXIS 152663, 2025 WL 2256711, at *3 (W.D. Wash. Aug. 7, 2025) (citation modified) (quoting *Banda*, 385 F. Supp. 3d at 1116); *see also Toktosunov v. Wamsley*, No. C25-1724, 2025 U.S. Dist. LEXIS 252150, 2025 WL 3492858, at *3 (W.D. Wash. Dec. 5, 2025) (collecting cases).

In assessing the constitutionality of prolonged mandatory detention, the court in *Banda* declined to apply the test established in *Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976), because balancing the *Mathews* factors does "not resolve the more fundamental issue of whether any procedure—such as a bond hearing—must be provided" and

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 2

was "not particularly probative of whether prolonged mandatory detention has become unreasonable in a particular case." *Banda*, 385 F. Supp. 3d at 1106-07 (citation modified). Rather, the Court in *Banda* conducted a case-specific analysis considering the following factors: (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Id*. at 1117 (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858-59 (D. Minn. 2019)). Courts in this District have now adopted the "*Banda* test" to assess when detention without a bond hearing under 8 U.S.C. § 1225(b) has become unjustifiably prolonged and thus violative of due process. *See, e.g., Maliwat*, 2025 U.S. Dist. LEXIS 152663, 2025 WL 2256711, at *3-4.

The parties discuss these *Banda* factors extensively. The Court has examined the facts of this case under the *Banda* factors and finds that the requested relief is not warranted. The total length of detention, approximately 19 months, clearly favors Petitioner. The parties agree on this point. However, the likely duration of future detention is short in the sense that Petitioner has exhausted nearly every procedural basis to avoid removal. The conditions of detention factor is neutral. Neither party has caused a delay in removal proceedings, other than Petitioner exercising appellate rights provided by Congress. The final factor favors Respondents as Petitioner has given the Court no reason to believe removal proceedings will not result in a final order of removal.

Petitioner entered this country without inspection or any basis for admission. After detention he used every chance to appeal, necessitating his continued detention. At no point has he explained to the Court—through counsel or otherwise—why he will succeed in his efforts to

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 3

avoid removal.  Although the total length of detention is quite high in this case, it is clearly nearing the final procedural step before removal.

Accordingly, having considered the instant Petition, the relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is DENIED.  This case is CLOSED.

DATED this 24th day of June, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 4